```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


PAREXEL INTERNATIONAL CORPORATION, :
PAREXEL INTERNATIONAL TRUST AND    :
and BARNETT INTERNATIONAL,         :
                                   :
        Plaintiffs and             :
        Counterclaim-Defendants    :
                                   :  CIVIL ACTION
                                   :
    v.                             :  No. 04-cv-3798
                                   :
OSWALDO FELICIANO and              :
INNOVATIVE MEDIA MACHINE,INC.,     :
                                   :
        Defendants and             :
        Counterclaim-Plaintiffs    :
```

**MEMORANDUM AND ORDER**

**Joyner, J.**                                              **June 30, 2008**

Presently before this Court is Defendants and Counterclaim-Plaintiffs Oswaldo Feliciano's and Innovative Media Machine, Inc.'s (together "the Defendants") Second Motion for Partial Summary Judgment (D. Mot.) (Doc. No. 119), Plaintiffs and Counterclaim-Defendants Parexel International Corp.'s, Parexel International Trust's and Barnett International's ("Barnett") (collectively "the Plaintiffs" or "Parexel") Response ("P. Resp.") (Doc. No. 124) and Defendants' Reply ("D. Rep") (Doc. No. 129).  For the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART Defendants' motion.

**Background**

In August of 2004, Parexel brought suit against former employee Oswaldo Feliciano and Innovative Media Machine, Inc. ("IMM") for tortious interference with contract relations, commercial disparagement, misappropriation of confidential or proprietary information, breach of contract and defamation.[1] Feliciano, who worked as a Managing Systems Architect for Barnett[2], alleges that he was terminated for refusing to engage in illegal activity when requested to do so by his supervisor and for reporting his supervisor's allegedly illegal activities. Specifically, Feliciano claims that Ann Carraher, Vice President of Barnett Educational Systems, wrongfully obtained the membership records of various private organizations and authorized the incorporation of these records into a Parexel marketing database. Between July of 2003 and October of 2003, Feliciano made complaints regarding the allegedly unlawful use of the database to various Barnett employees, including Ms. Carraher herself and Lisa Roth, head of Human Resources. Upon Ms. Roth's request, Lorrie Ferraro, Human Resources Director at Parexel, commenced an investigation of the matter which resulted in Ms. Carraher's termination in April of 2004. On June 21, 2004,

---

[1] Feliciano subsequently raised counterclaims, including a claim of retaliatory discharge under the Sarbanes-Oxley Act of 2002.

[2] Barnett became a division of Parexel International Corporation during the course of Feliciano's employment.

Feliciano himself was terminated.  Defendants contend that Feliciano was terminated because he had an undisclosed ownership interest in an outside company, in violation of the terms of his employment agreement.  The company in question, IMM, provided services to Parexel during the course of Feliciano's employment, and it is alleged that Feliciano was involved in approving payments to IMM, but never disclosed his conflict of interest.

On August 6, 2004, an email was sent from the email address "[john.right@thetruthaboutparexel.com](mailto:john.right@thetruthaboutparexel.com)" (the "John Right email") to numerous Parexel employees, industry leaders, vendors, customers and potential customers of Parexel, the contents of which Plaintiff alleges contained false and defamatory statements about Parexel and its employees.  Plaintiffs also claim that many of the recipients of the email were derived from Parexel's own confidential Customer Lists, which they allege Feliciano obtained unlawfully.  Although Feliciano denies having sent the email or unlawfully obtaining the lists, he admitted at his deposition that he authored a similar letter that he sent to a few Parexel employees.  Felicano Dep. at 548-50.  Feliciano maintains, however, that the John Right email was sent by a former IMM employee without his knowledge or consent.  It is undisputed, however, that the internet domain "thetruthaboutparexel.com" is registered to IMM and Feliciano is the administrative contact for the site.  Pl. Resp., Exh. J.

Defendants have moved for summary judgment on Counts I through V of Plaintiffs' complaint. Defendant IMM has also moved for summary judgment on its counterclaims of breach of contract and unjust enrichment. We will discuss each claim in turn.

### Standard for Summary Judgment

It is recognized that the underlying purpose of summary judgment is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense. Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976). Summary judgment is proper "if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine only if there is sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law. Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006), citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the non-moving party bears the burden of persuasion at trial, "the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden." Id., quoting Wetzel v. Tucker, 139 F.3d 380, 383 n. 2 (3d Cir. 1998). In conducting our review, we view the record in the light most favorable to the

non-moving party and draw all reasonable inferences in that party's favor. See Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000). However, there must be more than a "mere scintilla" of evidence in support of the non-moving party's position to survive the summary judgment stage. Anderson, 477 U.S. at 252.

**Discussion**

A.  *Defamation*

Plaintiffs allege that the statements made in the August 2004 John Right email, written under an alias, but whom they suspect was authored by Defendant Feliciano, constitute defamation.

Under Pennsylvania law, in order to prove a claim for defamation, a plaintiff must establish: (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) an understanding by the reader or listener of its defamatory meaning; (5) an understanding by the reader or listener of an intent by the defendant that the statement refers to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally privileged position. Clemente v. Espinosa, 749 F. Supp. 672, 677 (E.D. Pa. 1990) (citing 42 Pa. Cons. Stat. § 8343(a) (1988)). A statement is defamatory "if it tends so to harm the reputation of another

as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Id. at 676 (quoting Cosgrove Studio and Camera Shop, Inc. v Pane, 182 A.2d 751, 753 (Pa. Sup. Ct. 1962)).  Under Pennsylvania law, it is for the court to determine whether the statement at issue is capable of defamatory meaning.  Synygy, Inc. v. Scott-Levin, Inc., 51 F. Supp. 2d 570, 580 (E.D. Pa. 1999), aff'd, 229 F.3d 1139 (2000).

A plaintiff does not have to prove special harm when the words constitute defamation per se.  Id.  A statement imputing business misconduct may be defamation per se if it "ascribes to another['s] conduct, characteristics or a condition that would adversely affect his fitness for the proper conduct of his lawful business."  Id.

Plaintiffs claim that both the John Right email and a similar letter authored by Feliciano are defamatory because both statements "speak supposedly as if it has been determined by a court of law that Parexel has 'engaged in questionable and illegal practices in order to make profits'" Pl. Resp. at 18 (citing Exh. H, I).  Defendants argue that the statements in the John Right email do not constitute defamation per se because they are non-actionable opinion.  Alternatively, they argue the affirmative defense of absolute truth to rebut the claim.

We will first address whether the email constitutes non-actionable opinion.  Non-actionable opinion exists when "a person

expresses a comment as to another's conduct, qualifications or character after either stating the facts on which he bases his opinion or when both parties to the communication know the facts as non-actionable." Rockwell v. Allegheny Health Educ. and Research Foundation, 19 F. Supp. 2d 401, 406 (E.D. Pa. 1998). Pure opinion is based on disclosed facts and is non-actionable. Id. A person cannot be held liable for pure opinions no matter "how unjustified and unreasonable this opinion may be." Id.

We agree with Plaintiffs that there is a genuine issue of material fact whether the three page email contains non-actionable opinion. While some of the statements in the email appear to be based upon fact (for example, references to Ann Carraher's improper actions and subsequent termination; Pl. Resp., Exh. G, H), other statements lack an apparent factual basis. For example, John Right states the following regarding Parexel's business practices: "In a time when corporate corruption scandals seem to be the recurring theme, this is yet another example of how a publicly traded company can use deception and intimidation to play with the livelihood of its employees and shareholders." We agree with Plaintiffs that this statement, as well as others in the email, are unsupported by facts and instead express the author's personal disapproval of the company's practices. Accordingly, a jury must determine whether the John Right email consists of non-actionable opinion

and, if not, whether the Defendants defamed Parexel.

In Pennsylvania, however, truth is an absolute defense to defamation. Corabi v. Curtis Publ'q Co., 441 Pa. 432, 449-50 (1971). Moreover, substantial truth is sufficient to constitute truth as a defense. Gilbert v. The Bionetics Corp., 2000 U.S. Dist. LEXIS 8736 at *10 (E.D. Pa. June 6, 2000). The burden of proving that "substantial truth" exists rests upon the defendant. Corabi, 441 Pa. 532 at 450.

Defendants have failed to persuade the Court that the email contains undisputed facts about the business practices at Parexel. As we have already discussed, there appear to be some facts upon which the parties may agree in the nearly three page email. However, Defendants have failed to meet their burden of demonstrating "substantial truth" with regard to many of the statements in the email. We will therefore allow a jury to consider the claim and deny summary judgment on Count VI of the complaint.

B.  *Tortious Interference with Contract/Prospective Contractual Relations*

Plaintiffs claim that Defendants have, without lawful privilege or justification, wrongfully and tortiously interfered with Plaintiffs' existing contracts and business relationships in order to harm the company's existing relationships and prevent prospective relationships from occurring. Compl. at ¶ 45. As a

result, Plaintiffs claim that they have suffered and will continue to suffer damages and irreparable harm.  Id. at 47

The law of Pennsylvania recognizes a cause of action for tortious interference with contractual relations as having the following elements:

> (1) the existence of a contractual, or prospective contractual relation between the complainant and a third party; (2) purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual legal damage as a result of the defendant's conduct.

CGB Occupational Therapy v. RHA Health Services, Inc., 357 F.3d 375, 384 (3d Cir. 2004), citing Crivelli v. General Motors Corp., 215 F.3d 386, 394 (3d Cir. 2000) and Pawlowski v. Smoro, 403 Pa. Super. 71, 588 A.2d 36, 39-40 (1991).  "Thus a tortious interference claim does not accrue until, at least, the plaintiff suffers injury (i.e., "actual legal damage") as a result of the defendant's conduct."  Id.

There is no evidence that Parexel has suffered damages requisite to maintaining a cause of action for tortious interference.  In its responsive brief, Plaintiffs make the following conclusory statement about how its business has suffered as a result of Plaintiffs' conduct:

> Contrary to Defendants' assertions, Parexel has, in fact, presented evidence to demonstrate how the John Right Email affected established and prospective business relationships. Moreover, given that such a factual issue is disputed by

>     both parties, the issue cannot be determined by summary
>     judgment, but should rather be given to a fact finder to
>     decide.

Pl. Resp. at 9.

Plaintiffs have presented no evidence, however, justifying such a statement. In the absence of any material facts indicating that Parexel's business relationships have been compromised, there is no dispute for a jury to consider. Summary judgment is thus granted in favor of Defendants on Count I of the complaint.

C.   *Commercial Disparagement*

Plaintiffs allege that Defendants willfully and maliciously communicated to industry leaders, as well as Plaintiffs' employees, vendors and customers disparaging statements about Parexel for the purposes of "harassing Plaintiffs, destroying their business and good will and interfering with Plaintiffs' relationships with their customers and potential customers." Compl. at ¶ 45. They further contend that the statements, which were intended to cast doubt upon Plaintiffs' integrity and compliance with laws, have caused Plaintiffs substantial damage.

In order to sustain a cause of action for commercial disparagement in Pennsylvania, a plaintiff must demonstrate that (1) defendant made a false statement, which caused pecuniary loss to Plaintiff; (2) defendant intended for publication of the

statement to result in harm to the plaintiff's pecuniary interests or recognized that it was likely to do so; and (3) defendant knew that the statement was false or acted in reckless disregard of its truth or falsity.  Synthes v. Globus, 2005 U.S. Dist. LEXIS 19962, at *14 (E.D. Pa. Sept. 14, 2005).

Defendants accurately point out that Plaintiffs have failed to set forth any evidence which would satisfy the first prong of the claim.  Pl. Mot. at 19.  Defendants have failed to present evidence that the company has suffered a pecuniary loss as a result of Defendants' alleged disparagement.  Citing Brunson v. Commc'ns, Inc. v. Arbritron, Inc., 266 F. Supp. 2d 377 (E.D. Pa. 2003), Plaintiffs improperly claim that proof of damages is "not one of the necessary elements to establish a claim of commercial disparagement under Pennsylvania law and can be determined at trial."  Such a reading contradicts the legal standard set forth in Plaintiffs own brief (Pl. Resp. at 12) and improperly summarizes the court's holding in Brunson.  In that case, the court specifically stated that in order to sustain a cause of action for commercial disparagement, the Plaintiff must allege that Defendant made a false statement which "caused pecuniary loss to Plaintiff."  Id. at 381.

Parexel has failed to provide evidentiary support raising a genuine issue of material fact that the company has suffered a pecuniary loss as a result of Defendants' communication.  Thus,

11

we will grant summary judgment as to Count II of Plaintiffs' complaint.

*D.   Misappropriation of Confidential or Proprietary Information*

Plaintiffs claim that Felciano improperly retained or acquired custody of Parexel's confidential proprietary information, including its Customer Lists, without Plaintiffs' consent and in violation of his Employment Agreement. (Pl. Compl. at ¶¶ 57,60). Plaintiffs further allege that Feliciano disclosed Plaintiffs' confidential information to IMM for his own benefit and to the detriment of Parexel, constituting actionable misappropriation under Pennsylvania law. Id. at 63-65.

To assert a cause of action for misappropriation of confidential business information, a plaintiff must show that defendants "for purposes of advancing a rival business interest, procure[d] by improper means information about another's business." Toledo Mack Sales & Serv., Inc. v. Mack Trucks, Inc., 2005 WL 724117 at *13 (E.D. Pa. Mar. 29, 2005).

Defendants argue that they are entitled to summary judgment on this claim because: 1) no evidence exists that Feliciano misappropriated confidential business information; 2) assuming arguendo that Feliciano obtained proprietary information, Parexel cannot prove that he obtained the information "for the purpose of advancing a rival business interest"; and 3) Parexel cannot show

any "protectible interest that is a trade secret of Parexel." Pl. Mot. at 24.

First, Plaintiffs argue that sufficient evidence exists that Feliciano possessed Parexel's proprietary information and that he used the information for the purpose of advancing a "rival business interest."  Plaintiffs point to similarities in the websites of two companies owned by Feliciano and his wife to Parexel's own website.  Plaintiffs also maintain that Defendant Feliciano misappropriated Parexel's Client Lists for the benefit of his own businesses and admitted doing so in a letter that he sent to several Parexel employees.  Pl. Resp., Exh. I.  In the letter, Feliciano stated that he planned to send his message (regarding Parexel's alleged impropriety) to "over 6.5 million pharmaceutical companies" whose records he obtained.  Id. Although Defendants argue that Plaintiffs have misinterpreted Feliciano's words in the letter, we agree that a genuine issue of material fact exists whether Feliciano improperly obtained business information from the company in furtherance of his own interests.

We are unable to conclude, however, that a genuine issue of material facts exists whether the business information at issue is protected information and/or trade secret.  Citing Scientific Image Ctr. Mgmt., LLC v. Brandy, 415 F. Supp. 2d 566 (W.D. Pa. 2006).  Plaintiffs assert that such a question has consistently

been held by courts to rest with a jury.  However, where a Plaintiff has failed to set forth any evidence that the information at issue meets applicable legal standards for confidential and/or trade secret information, courts have not hesitated to grant summary judgment in favor of the moving defendant.  See, e.g. Mateson Chem. Corp. V. Vernon, 2000 U.S. Dist. LEXIS 6208 at *28 (E.D. Pa. May 9, 2000).  Because Plaintiffs have entirely failed to raise a genuine issue of fact whether the business information at issue constitutes protected information, summary judgment is granted in favor of Defendants as to Count III of the complaint.

E.   *Breach of Contract*

Lastly, Parexel alleges that Feliciano breached his Confidentiality Agreement and Key Employment Agreement by misappropriating confidential business information and failing to disclose his outside business interests in other companies.

To state a claim for breach of contract under Pennsylvania law, a plaintiff must allege: (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages.  Chemtech Int'l Inc. v. Chemical Injection Technologies, Inc., No. 06-3345, 2007 U.S. App. LEXIS 21697 at *4-*5 (3d Cir. Sept. 10, 2007), quoting Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir. 2003) (quoting

CoreStates Bank, N.A. v. Cutillo, 1999 PA Super 14, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)).  For a contract to be enforceable, the nature and extent of the mutual obligations must be certain and the parties must have agreed on the material and necessary details of their bargain.  Lackner v. Glosser, 892 A.2d 21 (Pa. Super. 2006), citing Peck v. Delaware County Board of Prison Inspectors, 572 Pa. 249, 260, 814 A.2d 185, 191 (2002).

Defendants argue that there is no evidence that Feliciano obtained any confidential information from Parexel nor did the company suffer damages from the alleged misconduct.

As discussed earlier in our analysis of the misappropriation claim, we believe that there exists a genuine issue of fact whether Feliciano obtained business information from Parexel.  Plaintiffs have also raised a genuine issue of fact whether Felicano was given prior consent by Parexel before engaging in outside business activities, a requirement of his employment agreement.  Pl. Resp. at 16.

However, Parexel has failed to provide sufficient evidence that it has been damaged as a result of Feliciano's alleged breach of contract.  Proof of damages is an essential element of a breach of contract claim.  Gazarov v. The Diocese of Erie, 80 Fed. Appx. 202, 206 (3d Cir. 2003).  Parexel, in its complaint, alleges past and future damages, but has not outlined those damages with any specificity.  Thus, Plaintiffs have failed to

raise a genuine issue of material fact that they have been damaged in order to sustain this cause of action and thus summary judgment is granted as to Count IV of the complaint.

F.  *Parexel's Liability to IMM for Breach of Contract and Unjust Enrichment*

Defendant IMM also moves for judgment to be entered in its favor on its counterclaims of breach of contract and unjust enrichment. As referenced earlier, Parexel entered into an agreement with IMM in March 2003 to provide professional staffing services to Parexel. Pursuant to the agreement, IMM staffed several temporary employees at Parexel in various capacities. IMM now claims that Parexel refused to pay for services rendered in excess of $30,000.

Based upon our review of the evidence, we agree with Plaintiffs that there exists a genuine issue of material fact whether the work described on the invoices submitted by IMM to Parexel was performed as described. This is not to say that we conclude impropriety on the part of IMM, but that there is a genuine issue of material fact whether IMM is entitled to full reimbursement on the invoices.

Accordingly, we will allow a jury to determine whether IMM is obligated to pay the outstanding balance and deny summary judgment on these claims.

An appropriate Order follows.

```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA


PAREXEL INTERNATIONAL CORPORATION,  :
PAREXEL INTERNATIONAL TRUST AND     :
and BARNETT INTERNATIONAL,          :
                                    :
          Plaintiffs and            :
          Counterclaim-Defendants   :
                                    :   CIVIL ACTION
                                    :
     v.                             :   No. 04-cv-3798
                                    :
OSWALDO FELICIANO and               :
INNOVATIVE MEDIA MACHINE,INC.,      :
                                    :
          Defendants and            :
          Counterclaim-Plaintiffs   :
```

**ORDER**

AND NOW, this 30th day of June, 2008, upon consideration of Defendants' Motion for Summary Judgment, and the responses thereto, for the reasons stated in the accompanying memorandum, it is hereby ORDERED that the Motion is GRANTED IN PART and DENIED IN PART.  Judgment as a matter of law is hereby ENTERED in favor of Defendant on Plaintiffs' claims of tortious interference, commercial disparagement, breach of contract and misappropriation of proprietary information.  Defendants' motion on Plaintiff's claim for defamation is DENIED.

Defendant/Counterclaim-Plaintiff IMM's motion for entry of judgment on its claims for breach of contract and unjust enrichment are also DENIED.

BY THE COURT:


s/J. Curtis Joyner
J. CURTIS JOYNER, J.