**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


PAREXEL INTERNATIONAL CORPORATION, :
PAREXEL INTERNATIONAL TRUST, and  :
BARNETT INTERNATIONAL,            :
                                  :
        Plaintiffs and            :    CIVIL ACTION
        Counterclaim Defendants,  :
                                  :    No. 04-cv-3798
     v.                           :
                                  :
OSWALDO FELICIANO and INNOVATIVE  :
MEDIA MACHINE, INC.,              :
                                  :
        Defendants and            :
        Counterclaim Plaintiffs.  :


<u>**MEMORANDUM AND ORDER**</u>


**Joyner, J.**                               **December 4, 2008**


        Presently before the Court are Counterclaim Plaintiff's
Motion to Mold Judgment to Include Prejudgment Interest (Doc. No.
175), Counterclaim Defendant's Response (Doc. No. 178), and
Counterclaim Plaintiff's Reply (Doc. No. 183).  For the reasons
set forth below, the Court GRANTS Plaintiff's Motion and awards
prejudgment interest on Counterclaim Plaintiff's award of back
pay damages and breach of contract damages.

**Background**

        In August of 2004, Parexel brought suit against former
employee Oswaldo Feliciano and Innovative Media Machine, Inc.

1

("IMM") for tortious interference with contract relations,
commercial disparagement, misappropriation of confidential or
proprietary information, breach of contract and defamation.
Feliciano, who worked as a Managing Systems Architect for
Barnett,[1] brought counter-claims alleging that he was terminated
for refusing to engage in illegal activity in violation of
Pennsylvania public policy when requested to do so by his
supervisor and in retaliation, in violation of the Sarbanes-Oxley
Act of 2002 ("SOX"), for reporting his supervisor's allegedly
illegal activities.  Specifically, Feliciano claimed that Ann
Carraher, Vice President of Barnett Educational Systems,
wrongfully obtained the membership records of various private
organizations and authorized the incorporation of these records
into a Parexel marketing database.  Between July of 2003 and
October of 2003, Feliciano made complaints regarding the
allegedly unlawful use of the database to various Barnett
employees, including Ms. Carraher herself and Lisa Roth, head of
Human Resources.  Upon Ms. Roth's request, Lorrie Ferraro, Human
Resources Director at Parexel, commenced an investigation of the
matter which resulted in Ms. Carraher's termination in April of
2004.  On June 21, 2004, Feliciano himself was terminated.

---

[1] Barnett became a division of Parexel International Corporation
during the course of Feliciano's employment.

2

Counterclaim Defendants ("Defendants") contended that Feliciano was terminated because he had an undisclosed ownership interest in an outside company, in violation of the terms of his employment agreement.  The company in question, IMM, provided services to Parexel during the course of Feliciano's employment, and it was alleged that Feliciano was involved in approving payments to IMM, but never disclosed his conflict of interest.

In an Order dated June 30th, 2008, this Court granted summary judgment in favor of Counterclaim Plaintiff ("Plaintiff") on Defendants' claims of tortious interference, commercial disparagement, breach of contract and misappropriation of proprietary information.  A trial commenced on the remaining claims on September 9, 2008.  At the conclusion of trial, the jury found that Parexel had retaliated against Feliciano in violation of SOX and had terminated Feliciano's employment because he refused to engage in illegal conduct in violation of Pennsylvania public policy.  The jury awarded Feliciano $44,000 in back pay on the wrongful termination and retaliation claims as well as $50,000 in compensatory damages and $1.7 million in punitive damages on the wrongful termination claim.  The jury also awarded IMM $45,000 for its breach of contract claim.

At the conclusion of trial, we denied Defendants motion for judgment as a matter of law on the SOX claim.  After trial, we

also denied Defendants renewed motion for judgment as a matter of
law or, in the alternative, for a new trial pursuant to Fed. R.
Civ. P. 50(b) and motion for remittitur of the punitive damages
award or, in the alternative, for a new trial on the wrongful
termination claim.  Plaintiff now moves to mold the judgment to
include prejudgment interest on the back pay and breach of
contract damages awards.

**Discussion**

**A.  Back Pay**

An employee who prevails in a retaliation claim pursuant to
SOX is entitled "to all relief necessary to make the employee
whole," including "back pay, with interest."  18 U.S.C. §
1514A(c).  Defendants argue first that Plaintiff is not entitled
to prejudgment interest pursuant to SOX because the back pay
award was made on the wrongful termination claim.  Defendants
then argue that Plaintiff is not entitled to prejudgment interest
on the back pay award because the jury did not specify a time
period for which the back pay was awarded.

Upon review of the verdict sheet and the jury instructions,
it is clear that the back pay award was for both the SOX claim
and the wrongful termination claim.  Although question three on
the verdict slip only refers to the wrongful termination claim,
the Court explained in its instructions to the jury that the back

4

pay applied "to both Claim Number 1 and Claim Number 2" but that
the verdict slip included only one back pay because Plaintiff was
not entitled to double back pay.  N.T., Sept. 15, 2008, at 141.
The jury then found Defendants guilty of both retaliation under
SOX and unlawful termination in violation of Pennsylvania public
policy.  Thus, the back pay award was for both the SOX claim and
the unlawful termination and Plaintiff is entitled to prejudgment
interest.

        To determine the applicable amount of prejudgment interest,
the Third Circuit has instructed in wrongful termination cases
under Title VII that the district court may use the rate
contained in the federal post-judgment interest rate statute, 28
U.S.C. § 1961(a), for guidance to determine the applicable
interest rate.  Sun Ship, Inc. v. Matson Navigation, Co., 785
F.2d 59, 63 (3d Cir. 1986).  In fact, many courts have employed
this approach in calculating prejudgment interest.  See, e.g.,
Tomasso v. Boeing Co., 2007 WL 2753171 (E.D. Pa. Sept. 21, 2007);
O'Neill v. Sears, Roebuck & Co., 108 F. Supp. 2d 443, 445 (E.D.
Pa. 2000); Shovlin, 1997 WL 102523, at *2.  Among other reasons,
this approach is desirable because it is easy to determine the
rate by using the rate charts in the federal statute, and the
Treasury bill ("T-bill") rates found in 28 U.S.C. § 1961 are a
"suitable approximation of the available return for a typical

5

risk-free investment" during the back pay period.  <u>O'Neill</u>, 108

F. Supp. 2d at 445 (quoting <u>Davis v. Rutgers Cas. Ins. Co.</u>, 964

F. Supp. 560, 576 (D.N.J. 1997)).  The post-judgment interest

rate statute provides for the calculation as follows:

> Such interest shall be calculated from the date of the
> entry of the judgment, at a rate equal to weekly 1-year
> constant maturity Treasury yield, as published by the
> Board of Governors of the Federal Reserve System, for
> the calendar week preceding.

28 U.S.C. § 1961(a).

The Court finds that this calculation is also appropriate

under the present circumstances because here, as in Title VII

cases, awarding prejudgment interest "serves to compensate a

plaintiff for the loss of the use of money that the plaintiff

otherwise would have earned had he not been unjustly discharged."

<u>Booker v. Taylor Milk Co.</u>, 64 F.3d 860, 868 (3d Cir. 1995).

Plaintiff calculated the prejudgment interest due on the

back pay award in the above method and by dividing the amount of

the back pay award by the amount of time between Plaitiff's

termination and the judgment in his favor.  Defendant did not

challenge the method of the calculation, but rather asserted that

Plaintiff was not entitled to prejudgment interest because the

jury did not specify a time period for which back pay was

awarded.  The Court, however, instructed the jury that "[b]ack

pay is an amount that reasonably compensates the plaintiff for

any lost income and benefits from the date of his termination of his employment until he found new employment earning at least what he earned while working at Parexel." N.T., Sept. 15, 2008, at 141. Plaintiff proffered uncontradicted testimony that he was terminated by Defendants on June 21, 2004. Defendants' cross examination of Plaintiff brought to light that Plaintiff began earning income through a company called SEI in November of 2004 in the amount of $136,000 a year. See N.T., Sept. 9, 2008, at 260.[2] Thus, the appropriate time period for which the jury awarded back pay was June 21, 2004 until October 31, 2004 and the amount of interest should be calculated as if the pay would have been received during that time period. The proper amount of prejudgment interest on the back pay award is, therefore, $7261.[3]

---

[2] Plaintiff earned $98,000 a year at Parexel. N.T., Sept. 9, 2008, at 260.

[3]

| Period | Back-Pay | 1 Year T-Bill | Interest |
|---|---|---|---|
| 6/21/04-6/20/05 | $44,000 | 3.42% | $1505 |
| 6/21/05-6/20/06 | $44,000 | 5.23% | $2301 |
| 6/21/06-6/20/07 | $44,000 | 4.97% | $2187 |
| 6/21/07-6/20/08 | $44,000 | 2.49% | $1096 |
| 6/21/08-9/15/08 | $44,000 | 1.66% | $172 |
| **Total** | | | $7261 |

## B.  Breach of Contract

Under Pennsylvania law, prejudgment interest is awardable as a legal right in contract cases.  Fernandez v. Levin, 548 A.2d 1191, 1193 (Pa. 1988); Kaiser v. Old Republic Ins. Co., 741 A.2d 748, 755 (Pa. Super. 1999).  "That right to interest begins at the time payment is withheld after it has been the duty of the debtor to make such payment."  Fernandez, 548 A.2d at 1193.  The legal rate of interest is six percent (6%) per year, as provided by statute.  See Fiat Motors of N. Am. v. Mellon Bank, 827 F.2d 924, 931 (3d Cir. 1987); Sec. Pac. Int'l Bank v. Nat'l Bank of W. Pa., 772 F. Supp. 874, 878 (W.D. Pa. 1991); 41 PA. CONS. STAT. § 202 (2008).

Defendants argue that Plaintiff's calculation of prejudgment interest on the breach of contract award is incorrect.  They argue that prejudgment interest should be calculated from the date of filing the complaint and not from the date of demand.  As stated above, however, under Pennsylvania law, prejudgment interest is calculated from the date on which payment became due. See Fernandez, 548 A.2d at 1193.  Under the present circumstances, payment became due in June, 2004, when Plaintiff demanded payment of the unpaid invoices.

Defendants also argue that the jury must have included interest in its award because it awarded Plaintiff $45,000

whereas Plaintiff's complaint only claimed he was due $42,609 plus interest.  Feliciano testified at trial, however, that Parexel owed IMM $44,000 and the jury was within its right to credit this testimony.  See N.T., Sept. 9, 2008, at 240. Nonetheless, Defendants' argument is persuasive to the extent that the jury's award exceeded $44,000.  The Court, therefore, finds for the Plaintiff to the extent that he is owed prejudgment interest on the breach of contract claim, but concludes that the proper amount due is $10,220.[4]

### Conclusion

In sum, we find that Plaintiff is entitled to $7261 in prejudgment interest on the back pay award and $10,220 in prejudgment interest on the breach of contract award.

An order follows.

---

[4] This amount represents $44,000 at 6% for 51 months (4.25 years), less the $1,000 awarded by the jury in excess of the amount Feliciano testified was owed to IMM.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
PAREXEL INTERNATIONAL CORPORATION, :
PAREXEL INTERNATIONAL TRUST, and   :
BARNETT INTERNATIONAL,             :
                                   :
         Plaintiffs and            :   CIVIL ACTION
         Counterclaim Defendants,  :
                                   :   No. 04-cv-3798
    v.                             :
                                   :
OSWALDO FELICIANO and INNOVATIVE   :
MEDIA MACHINE, INC.,               :
                                   :
         Defendants and            :
         Counterclaim Plaintiffs.  :
```

<u>ORDER</u>

AND NOW, this    4th    day of December, 2008, upon
consideration of Counterclaim Plaintiff's Motion to Mold Judgment
to Include Prejudgment Interest (Doc. No. 175), and responses
thereto (Doc. Nos. 178, 183), for the reasons set forth in the
accompanying memorandum, it is hereby ORDERED that the Motion is
GRANTED and Counterclaim Plaintiff is awarded a total of
$17,481.00 in prejudgment interest on the back pay damages award
and the breach of contract damages award.


                                   BY THE COURT:



                                   s/J. Curtis Joyner
                                   J. CURTIS JOYNER, J.